954

Banks satisfies this standard, this court will exercise its discretion to notice the error only "if the error seriously affect[s] the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (internal quotation marks and citation omitted). We have thoroughly reviewed the record and conclude that Banks has failed to demonstrate that the district court committed plain error.

Banks next challenges the district court's enhancement of his offense level under the guidelines for obstruction of justice. We "review an application of the [guidelines] by the district court for clear error in factual matters; legal contentions are reviewed de novo." *United States v. Sun,* 278 F.3d 302, 313 (4th Cir.2002) (citation omitted). Under the guidelines, a court should increase an offense level by two levels if the defendant willfully obstructed or attempted to obstruct justice with respect to the prosecution of the offense of conviction. *U.S. Sentencing Guidelines Manual* ("USSG") § 3C1.1 (2008). The commentary to the guidelines provides that examples of conduct qualifying for the enhancement include "committing, suborning, or attempting to suborn perjury". USSG § 3C1.1 cmt. n. 4(b). In order to enhance an offense level under this section based on perjury, the district court must find by a preponderance of the evidence that "(1) the defendant gave false testimony, (2) concerning a material matter, (3) with the willful intent to deceive (rather than as a result of confusion, mistake, or faulty memory)." *Sun,* 278 F.3d at 314 (citation omitted). We have thoroughly reviewed the record and conclude that the district court did not err in finding by a preponderance of the evidence that Banks had attempted to obstruct justice.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*

Johnnie Mae ROBINSON,
Plaintiff—Appellant,

v.

PRESBYTERIAN WOUND CARE CENTER, Defendant—Appellee,

and

Jan Pickett, Nurse Practitioner; Tammy Hay, Mema Employee; Wendy George, Manager for Meridian Health Care, Defendants.

No. 09–1043.

United States Court of Appeals, Fourth Circuit.

Submitted: Sept. 3, 2009.

Decided: Sept. 21, 2009.

